IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JENNIFER WILLIAMS                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 1:10cv-221-D-D

CITY OF BOONEVILLE, MISSISSIPPI
AND PRENTISS COUNTY, MISSISSIPPI                                    DEFENDANTS

## OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Presently before the Court is the Defendant City of Booneville's motion to dismiss. Plaintiff was granted additional time in which to respond to the motion but failed to do so. After reviewing the motion, rules and authorities, the Court makes the following findings:

*Factual and Procedural Background*

The Plaintiff alleges that she was wrongfully arrested without probable cause on December 5, 2008. Plaintiff also claims that, sometime after being booked but before being placed in the "drunk tank", a Prentiss County Sheriff's Department employee tazed her in the chest for no reason and without provocation.

Plaintiff delivered a Mississippi Tort Claims Act Notice of Claim letter to the City of Booneville on December 4, 2009. Plaintiff's Complaint was filed on July 20, 2010 and her Amended Complaint was filed on September 15, 2010. In Plaintiff's Motion to Remand [docket entry 30] she states, "Plaintiff amended her complaint and alleged no violation of any federal law or any civil rights violation but merely state law claims." Therefore the Mississippi Tort Claims Act governs Plaintiff's claims.

Defendant City of Booneville filed the present motion to dismiss based on the argument that all of Plaintiff's claims are barred by the Mississippi Tort Claims Act's statute of limitation and/or they should be dismissed on substantive law grounds. Because the Court finds that Plaintiff's claims should be dismissed based upon the applicable statute of limitation, it does not address the remaining grounds argued by Defendant.

*Motion to Dismiss Standards*

When considering a motion to dismiss under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view the facts in a light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim when examination of the pleadings reveals that a plaintiff has failed to state a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *accord Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868, 883-85 (May 18, 2009). However, if the assertions made within a complaint, even if true, "'could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (*citing Twombly*, 550 U.S. at 558, 127 S.Ct.1955) (internal quotation marks omitted)).

Plaintiff is only asserting state law claims therefore the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, *et seq.*, statute of limitations governs the case *sub judice*. Miss. Code Ann. § 11-46-11 provides:

> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employees, shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such a person shall file a

> Notice of Claim with the chief executive office of the governmental entity....

Miss. Code Ann. § 11-46-11(1).

> Miss. Code Ann. 11-46-11 states:
>
>> All actions brought under the provisions of this Chapter shall be commenced within one (1) year after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a Notice of Claim as required by sub-section (1) of this section shall serve to toll the statute of limitations for a period of ... one hundred and twenty (120) days from the date the chief executive officer or other statutorily designated official of a ... county or other political subdivision receives the Notice of Claim, during which time no action may be maintained by the claimant unless the claimant has received a Notice of Denial of Claim. After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice.

Miss. Code Ann. § 11-46-11(3).

*Discussion*

In its motion, Defendant City of Booneville argues that Plaintiff's state law claims should be dismissed for failure to comply with the Mississippi Tort Claims Act ("MTCA"), which requires that plaintiffs file a notice with the chief executive officer of the governmental entity to be sued ninety days prior to filing suit and then file suit within 90 days after the 120 day tolling provision. Miss. Code Ann. § 11–46–11(1).

In a recent opinion by the District Court for Southern District of Mississippi, the defendants filed a motion to dismiss plaintiff's state law claims due to failure to comply with the MTCA one-year statute of limitation. See *Chestang v. Alcorn State University*, No. 5:10–cv–67, 2011 WL 1884728 (S.D.Miss. May 17, 2011). Chestang failed to respond to the defendant's argument. The *Chestang* court found that by failing to respond and not denying his failure to

3

comply, plaintiff conceded the failure to comply and dismissed Chestang's state law claims with prejudice. *Chestang*, 2011 WL 1884728, *4.

As stated earlier, Plaintiff did not respond to Defendant's motion to dismiss nor did Plaintiff deny that she failed to comply with the MTCA. Therefore, this Court is of the opinion that Plaintiff has conceded that argument.

However, assuming *arguendo* that Plaintiff had responded and denied she failed to comply with the MTCA, the Court is of the opinion that Plaintiff failed to file her complaint within the one-year MTCA statute of limitation.

In *Marshall v. Warren County Bd. of Supervisors*, defendant filed a motion to dismiss claiming plaintiff failed to file her complaint within the one-year statute of limitation. 831 So.2d 1211 (2002). The *Marshall* court found the one-year statute of limitation ran on October 2, 2000 and plaintiff filed her claim on November 2, 2000. Therefore, the Mississippi Court of Appeals dismissed the plaintiff's claims as time-barred. *Marshall*, 831 So.2d at 1213.

In the case *sub judice*, Plaintiff had 211 days[1] from the date she gave Notice, December 4, 2009, to file her complaint. To be within the MTCA's statute of limitation, Plaintiff's complaint had to be filed on or before July 5, 2010. Giving Plaintiff every benefit, the Court also calculated the deadline excluding all major holidays and Plaintiff's complaint would still have been due on or before July 12, 2010. Plaintiff did not file her Complaint until July 20, 2010, after the applicable statute of limitation.

---

[1] The 211 day total is calculated by adding the 120 day tolling period plus the 1 day left in the original one-year deadline to give notice plus the 90 additional days after the 120 day tolling period to file suit. Giving Plaintiff the benefit of the 1 day not used in the original one-year statute of limitation does not change the filing deadline due to the fact both 210 and 211 days fall on Saturday and Sunday, respectively.

*Conclusion*

The Court finds that the statute of limitation ran on July 5, 2010, or giving Plaintiff the benefit of Federal holidays, July 20, 2010. However, Plaintiff did not file her Complaint until July 20, 2010. Therefore, Plaintiff's claims are time-barred and as such shall be dismissed with prejudice.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 28th day of July, 2011.

_____
Senior Judge